UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
EFFECTIVE SPACE SOLUTIONS R&D LTD.,

                        Plaintiff,

      v.

SPACEFLIGHT INC.,

                        Defendant.
-----------------------------------------------------------------------X

Case No.:

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

Plaintiff Effective Space Solutions R&D Ltd. ("ESS"), as and for its Complaint against Spaceflight Inc. ("Spaceflight"), alleges as follows:

## INTRODUCTION

1. In November 2015, ESS and Spaceflight entered into a Letter of Agreement ("LOA"), pursuant to which the parties agreed to negotiate a Launch Services Agreement ("LSA"). In accordance with the terms of the LOA, ESS remitted an initial payment to Spaceflight in the amount of $100,000.00. ESS's payment was fully refundable under the LOA in the event the parties failed to finalize an LSA and ESS opted to terminate the agreement.

2. After several years of negotiations, ESS and Spaceflight were unable to finalize an LSA. In April 2018, ESS formally exercised its option to opt out of the LOA and demanded a refund of its initial payment.

3. Spaceflight has not refunded ESS's payment, as required by the LOA.

4. Spaceflight has not disputed ESS's right to a full refund of its payment.

5. Accordingly, ESS has commenced this lawsuit against Spaceflight for breach of contract to recover the $100,000.00 payment, plus pre- and post-judgment interest.

## THE PARTIES

6. ESS is a company registered in England with its principal place of business at 90 Fetter Lane, London, EC4A 1EQ, United Kingdom. Prior to its sale of assets in June 2020, ESS specialized in manufacturing spacecraft intended to extend the lifespans of communications satellites.

7. Upon information and belief, Spaceflight is a corporation duly organized under the laws of Washington with its principal place of business at 3415 South 116th Street, Tukwila, Washington. Spaceflight primarily provides launch services and mission management for spacecraft.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2), as the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between a citizen of a State and a citizen of a foreign state. This Court also has jurisdiction over the matter because the contract between ESS and Spaceflight provides for jurisdiction in the Southern District of New York where, as here, the requirements of 28 U.S.C. § 1332(a) have been met.

9. Venue is proper in this District because the contract between ESS and Spaceflight provides for venue in the Southern District of New York.

10. This Court has personal jurisdiction over Spaceflight because Spaceflight agreed to personal jurisdiction and venue in the Southern District of New York.

## THE FACTS

11. On or about November 3, 2015, ESS, through its affiliate Effective Space Solutions Ltd., and Spaceflight executed the LOA. The LOA is attached as Exhibit 1.

12. In the LOA, both parties agreed to negotiate in good faith an LSA for the placement of an ESS spacecraft on a SpaceX launch based on the general principles agreed to in the LOA.

13. Section 6 of the LOA set forth the payment terms. Pursuant to this section, ESS agreed to pay $100,000.00 to Spaceflight upon execution of the LOA as a first payment of the contemplated launch services to be provided by Spaceflight.

14. Section 8 of the LOA provided as follows:

> Should the Parties fail to reach agreement on the terms of the LSA within 3 (three) months from the date of this Letter Agreement as indicated in the first page, or such later period as may be agreed by the Parties, ESS can opt out of this binding agreement and will be refunded any payments made to Spaceflight, less any actual documented costs or expenses, which is not to exceed the 15,000 (Fifteen Thousand United States Dollars), within 30 days of notification to Spaceflight of decision to terminate the LOA…
>
> Notwithstanding anything to the contrary herein, the provisions of this letter with respect to the first Milestone payment and its refund, all limitations of liability herein, and Section 12 (Confidential Information) and 13 below shall survive termination of this Letter.

15. ESS paid Spaceflight $100,000.00 on or about November 3, 2015.

16. Despite numerous good-faith attempts, ESS and Spaceflight were unable to finalize the terms for a launch. Even after several extensions of the initial three-month period provided in the LOA, the parties did not execute an LSA, and the extended time to finalize an LSA expired.

17. On April 25, 2018, ESS provided its initial notice to Spaceflight that it was electing to exercise its right to opt out of the LOA pursuant to Section 8. The April 25, 2018 notice is attached as Exhibit 2.

18. In its April 25, 2018 notice, ESS requested a refund of $85,000, encompassing its initial payment of $100,000.00 less the potential $15,000.00 reflecting Spaceflight's costs or expenses, as provided in Section 8 of the LOA.

19. On June 16, 2019, ESS provided a second notice to Spaceflight that it was electing to exercise its right to opt out of the LOA. The June 16, 2019 notice is attached as Exhibit 3.

20. In its June 16, 2019 notice, ESS again asked Spaceflight to refund $85,000, even though Spaceflight had not provided any evidence of costs or expenses.

21. After the June 16, 2019 notice, ESS continued to communicate with Spaceflight by telephone and email, seeking the refund. At no point did Spaceflight dispute ESS's right to the refund.

22. ESS, through counsel, issued a demand on August 19, 2020 (*see* Exhibit 4).

23. Spaceflight has not indicated it incurred any costs or expenses resulting from the LOA.

24. Accordingly, ESS now seeks a refund of the full amount paid to Spaceflight, together with interest as provided by law.

### First Cause of Action
### (Breach of Contract)

25. ESS repeats each of the foregoing allegations as if fully set forth herein.

26. ESS, through its affiliate, and Spaceflight entered into the LOA with the goal of negotiating an LSA based on the general principles set forth in the LOA.

27. As set forth in the LOA, ESS remitted $100,000.00 to Spaceflight.

28. Section 8 of the LOA provided for the full refund of ESS's initial payment if the parties did not reach agreement on the terms of the LSA within the given timeframe.

29. The parties did not reach an agreement on an LSA, and the time to negotiate expired. Accordingly, ESS is entitled to a refund of the $100,000.00 paid to Spaceflight.

30. Despite ESS's opt-out notice sent on April 25, 2018, its second notice on June 16, 2019, and its communications with Spaceflight since then, Spaceflight, without any justification, has refused to refund the $100,000 to ESS.

31. ESS fully performed its obligations under the LOA.

32. Spaceflight did not, and does not, dispute ESS's entitlement to a refund under the LOA.

33. Spaceflight has never informed ESS that it incurred any costs or expenses regarding performance of its obligations under the LOA.

34. Spaceflight breached its contract with ESS by failing to refund ESS's payment within thirty days of ESS's initial demand on April 25, 2018.

35. Spaceflight has breached the LOA and ESS is entitled to recover from Spaceflight $100,000.00, plus pre- and post-judgment interest thereon calculated at the maximum legal rate.

**WHEREFORE**, ESS respectfully requests that this Court enter judgment in its favor and against Spaceflight:

(i) on the First Cause of Action, in the amount of $100,000.00, with pre- and post-judgment interest thereon calculated at the maximum legal rate;

(ii) for such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 24, 2020

> COHEN TAUBER SPIEVACK & WAGNER P.C.
> *Counsel for Plaintiff*
>
> By: _____
> Stephen Wagner
> Caroline F. Corley
> 420 Lexington Avenue, Suite 2400
> New York, New York 10170
> Tel.: (212) 586-5800
> swagner@ctswlaw.com
> ccorley@ctswlaw.com

{00425828.DOCX; 2}   5